STILLMAN LEGAL PC
LINA STILLMAN
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

LUIS GARCIA, *individually and on behalf of others similarly situated*,

*Plaintiff* ,

   -against-

2 BROTHERS CAR WASH INC. (DBA AS 2 BROTHERS CAR WASH )  MICHAEL TRICOCHE and LINDA (LAST NAME UNKNOWN)

*Defendants.*

------------------------------------------------------------X

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b) and**
**CLASS ACTION UNDER FRCP 23**

Plaintiff Luis Garcia individually and on behalf of others similarly situated (collectively the "Plaintiff"), by and through their attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against 2 Brothers Car Wash Inc. (d/b/a 2 Brothers Car Wash ) (together, hereinafter "2 Brothers Car Wash " or "Defendant Corporation"), Michael Tricoche and Linda (Last Name Unknown) (each an "Individual Defendant") collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1)  Plaintiff was  employee of Defendants 2 Bothers Car Wash Inc. (d/b/a 2 Brothers Car Wash) and Michael Tricoche and Linda (Last Name Unknown). Defendants own, operate or control a car wash located at 2386 Flatbush Ave, Brooklyn, NY 11234 under the name 2 Brothers Car Wash .

2)  Upon information and belief, Individual Defendants Michael Tricoche and Linda (Last Name Unknown), serve or served as owners, managers, principles, or agents of Defendants 2 Brothers Car Wash, Inc., and through those corporate entity operates or operated the car wash as a joint or unified enterprise.

3)  Plaintiff was an employee of the Defendants. He was primarily employed to perform various duties at a car wash, such as driving cars through the wash, drying cars off once the cars left the machine, and driving cars after the wash to deliver them to the clients.

4)  Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked. Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiff  appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours pay for any day in which he had to work over 10 hours a day.

5)  Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and regulations.

6)  Plaintiff now brings this action on behalf of himself , and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

7)  For at least six years prior to the filing of this action, and continuing to the present, Defendants have maintained a policy and practice of unlawfully appropriating part of Plaintiff and other car wash attendants' tips and made unlawful deductions from Plaintiff and other car wash attendants' wages.

8)  Plaintiff seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9)  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C. § 1367(a).

10) Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

11) Defendants maintain their company headquarters and offices within this district, and Defendants operate one car wash located in this district. Further, Plaintiff was employed by Defendants in this district.

## CLASS ACTION ALLEGATIONS

12) Plaintiff brings certain NYLL claims pursuant to FRCP 23 on behalf of all of Defendants' employees who work or have worked for Defendants from June 2013 and the date of final judgment in this matter ("the Class"). Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

    a.  On information and belief, the size of the Class is roughly 10 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

    b.  Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    c.  Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

    d.  Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

    e.  Whether Defendants misclassified Plaintiff and members of the Class as exempt;

    f.  Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

    g.   Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    h.   The nature and extent of class-wide injury and the measure of damages for those injuries.

    i.   Plaintiffs claims are typical of the Class's claims that they seek to represent.

13) Defendants employed Plaintiff and the Class in New York State. Plaintiff and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiff and the Class have all been injured by virtue of Defendants' under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

    a.   Plaintiff will fairly and adequately represent and protect the interests of the Class's members.

    b.   Plaintiff understands that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.

    c.   Plaintiff recognizes that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.

    d.   Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor his own interests over the Class's interests.

    e.   Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class.

    f.   Plaintiff understands that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial.

    g.   Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Class.

14) A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

15) This action is properly maintainable as a class action under FRCP 23(b)(3).

## **PARTIES**

*Plaintiff*

16) Plaintiff Luis Garcia ("Plaintiff Garcia") is an adult individual residing in Queens

County, New York. Plaintiff Garcia was employed by the Defendants from approximately November 2018 until June 26, 2019.

*Defendants*

17) Defendants own, operate, or control a car wash located at 2386 Flatbush Ave, Brooklyn NY 11238 under the name of 2 Brothers Car Wash, at all times relevant to this complaint.

18) Upon information and belief, 2 Brothers Car Wash , Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 2386 Flatbush Avenue, Brooklyn NY 11238.

19) Upon information and belief, Defendants Michael Tricoche and Linda (Last Name Unknown), is an individual engaging (or who were engaged) in business with this district during the relevant time. Defendants Michael Tricoche and Linda (Last Name Unknown), are each sued individually in their capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant Michael Tricoche and Linda (Last Name Unknown), possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendants Michael Tricoche and Linda (Last Name Unknown), determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20) Defendants operate a car wash establishment in the Elmhurst section of Queens, New York.

21) Defendants maintain as their principal place of business a centralized office, located at 2386 Flatbush Ave, Brooklyn, NY 11234.  Individual Defendants Michael Tricoche and Linda (Last Name Unknown), possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

22) Upon information and belief, Defendants Michael Tricoche and Linda (Last Name Unknown), serve or served as Chairperson and/or as Chief Executive Officers of Defendant Corporation.

23) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24) Defendants possess or possessed substantial control over the Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff , and all similarly situated individuals, referred to herein.

25) Defendants jointly employed the Plaintiff , and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

26) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or

similarly situated individuals.

27) Upon information and belief, Defendant Michael Tricoche and Linda (Last Name Unknown), (1) operated or operates 2 Brothers Car Wash Inc., as his alter egos, and/or (2) failed or fails to operate 2 Brothers Car Wash Inc., as entities legally separate and apart from her own selves, by among other things:

(a) failing to adhere to the corporate formalities necessary to operate 2 Brothers Car Wash Inc., as a corporate entity,

(b) defectively forming or maintaining the corporate entities of 2 Brothers Car Wash , by among other things failing to hold annual meetings or maintaining appropriate corporate records,

(c) transferring assets and debts freely as between all Defendants,

(d) operating 2 Brothers Car Wash Inc., for their own benefit as sole or majority members,

(e) operating 2 Brothers Car Wash Inc., for their own benefit, and maintaining control over each of them as a closed corporation,

(f) intermingling their own assets and debts with 2 Bothers Car Wash Inc.,

(g) diminishing and/or transferring assets of the entity to protect their own interests, and

(h) other actions evincing a failure to adhere to the corporate form.

28) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for Plaintiff services.

29) In each year from 2013 to the present, the Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

30) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As example, numerous items, such as soap, brushes and cleaning materials that were used in the car wash on a daily basis were produced outside of the state of New York.

*Individual Plaintiff*

31) The Plaintiff was an employee of the Defendants, who was primarily employed as car wash attendant.

32) He seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Garcia*

33) Plaintiff Garcia worked for Defendants from approximately April 2017 until the present time.

34) Plaintiff Garcia's duties included (and have included for all times relevant to this action) driving and parking cars after the wash.

35) Plaintiff Garcia regularly handled goods in interstate commerce, such as detergents and cleaning supplies for automobiles, produced outside of the State of New York.

36) Plaintiff Garcia's work duties required neither discretion nor independent judgment.

37) Plaintiff Garcia regularly worked in excess of 40 hours per week.

38) From approximately November 2018 Plaintiff Garcia worked (6) six days per week for approximately 11-12 hours per day (typically 56-70 hours per week).

39) Plaintiff Garcia worked 3 to 4 days per week on rainy days.

40) While the above schedule represents an approximation of Plaintiff Garcia's hours

worked, his actual hours worked varied slightly from day to day, and week to week, depending on the weather.

41)  Many times, plaintiff had to work in excess of his scheduled hours at his base rate of pay. However, at no time did Plaintiff Garcia work less than his scheduled hours.

42) Throughout his employment with the Defendants, Plaintiff Garcia was paid his wages in cash.

43) From approximately November 2018 to December 2019,  Plaintiff Garcia was paid $13 per hour.

44) From approximately December 2018 until his departure, Plaintiff Garcia was paid $15 per hour.

45) Plaintiff Garcia, and the other car wash attendants, also received tips from some customers using the car wash.

46) The total amount of gratuities earned by Plaintiff Garcia daily amounted to no more than approximately $25-30 per day with slight some variation.

47) Plaintiff Garcia was not informed by Defendants that he was counting any of his tips received towards his wages, nor did Defendants keep track of the tips that Mr. Garcia or the other car wash attendants received from customers.

48) Defendants did not provide Plaintiff Garcia with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

49) Defendants similarly did not provide any writing designating Plaintiff Garcia as a tipped employee, nor, to Plaintiff Garcia's knowledge, did they keep track of the tips he was allowed to

keep so as to ensure he made at least the minimum wage.

50) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Garcia regarding overtime and wages as required under the FLSA and NYLL.

51) Defendants did not provide Plaintiff Garcia with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

52) Plaintiff Garcia was never notified by Defendants that his tips would be included as an offset for wages.

53) Defendants never provided Plaintiff Sergio with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54) At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all their hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

55) Plaintiff has been victim of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

a.  As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

b.  Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiff and other delivery workers in violation of New York Labor Law § 196-d (2007).

c.  Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

d.  Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

e.  Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

f.  Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

g.  Defendants did not provide Plaintiff with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

h.  Plaintiff was paid his wages entirely in cash.

i.  Defendants employed Plaintiff as delivery workers and required them to provide their own locks, chains and helmets, and refused to compensate them or reimburse them for these expenses.

j.  Defendants did not provide Plaintiff with any break periods.

## FLSA COLLECTIVE ACTION CLAIMS

56) Plaintiff bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

57) At all relevant times, Plaintiff , and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

58) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

*Defendants' Tip Practices*

a.  Plaintiff have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by willfully denying them earned tips.

b.  Plaintiff was employees who, during their employment at 2 Brothers Car Wash , fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips 29 U.S.C. § 203(t).

c.  As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

d.  depriving car wash employees of tips earned during the course of employment;

e.  improperly taking a "tip credit" against delivery boy wages; and

f.  keeping a portion of the tips earned by its employees.

g.  Defendants unlawfully misappropriated a portion of charges purported to be gratuity, received by Plaintiff and other car wash employees in violation of New York Labor Law § 196-d (2007). Plaintiff was required to pool all of their tips, and to give the money to the manager, who was supposed to divide the money amongst the car wash attendants. However, the manager did not pay Plaintiff and other car wash employees all their tips. Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

h.  At no time did Defendants inform Plaintiff that they had reduced their hourly wage by a tip allowance.

i.  Defendants - who at all relevant times held an ownership interest in the business, had the power to hire and fire employees, supervise and control employee work schedules and conditions, determine rate and method of payment, and maintain employment records - took advantage of the "tip credit" against Plaintiff wages while simultaneously improperly retaining a portion of Plaintiff earned tips.

j.  Defendants' improper application of the tip credit deprived Plaintiff and other car wash attendants employed at 2 Brothers Car Wash  of their statutory minimum wage under the FLSA and the NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

58). Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

59) At all relevant times, Plaintiff , and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

60) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

61) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein. At all times relevant to this action, Defendants were Plaintiff employers (and employers of the putative FLSA) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

62) Defendants had the power to hire and fire Plaintiff's (and the FLSA class members), control their terms and conditions of employment, and determine the rate and method of any compensation.

63) At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64). Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29. U.S.C. § 203 (r-s).

65) Defendants failed to pay Plaintiff (and the FLSA class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66) Defendants' failure to pay Plaintiff (and the FLSA class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

68) Plaintiff repeat and reallegess all paragraphs above as though fully set forth herein.

69) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a)

71) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

72) Plaintiff repeats and reallegess all paragraphs above as though fully set forth herein.

73) At all times relevant to this action, Defendants were Plaintiff employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

74) Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

75) Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

76) Defendants' failure to pay Plaintiff (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

77) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

78) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

79) Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

80) Defendants failed to pay Plaintiff (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

81) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82) Plaintiff (and the FLSA class members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

83) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

84) Defendants failed to pay Plaintiff (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

85) Defendants' failure to pay Plaintiff (and the FLSA class members) an additional hour's pay for each day Plaintiff (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

86) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**(Violation of the Unauthorized Deduction Provisions of the New York Labor Law)**

87) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

88) At all relevant times, Defendants were Plaintiff employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

107) Defendants made unauthorized deductions from Plaintiff pay in violation of NYLL § 193.Defendants' conduct in making unauthorized deductions from Plaintiff pay was done knowingly and intentionally.

89) Plaintiff have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

b.  Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

c.  Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

d.  Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

e.  Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

f.  Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

g.  Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

h.  Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

i.  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

j.  Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

k.  Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

l.  Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA class members;

m. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

n.  Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

o.  Awarding Plaintiff and the FLSA and class members pre-judgment and post-judgment interest as applicable;

p.  Awarding Plaintiff and the FLSA class members the expenses incurred in this

action, including costs and attorney's fees; and

q.  All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
June 28th, 2019

                                        STILLMAN LEGAL PC


                        By:     /s/Lina Stillman
                                Stillman Legal, PC
                                42 Broadway, 12th Floor
                                New York, New York 10004
                                Telephone: 1800-933-5620
                                *Attorneys for Plaintiff*